# Hanlon *v.* Lehigh Valley Railroad Company, Appellant.

*Negligence—Railroads—Grade crossing—"Stop, look and listen"—Case for jury.*

In an action by a woman against a railroad company to recover damages for personal injuries sustained at a grade crossing, the case is for the jury where the evidence shows that the plaintiff, before starting to

cross from a point fifteen feet from the tracks where she could see 500 feet, looked and listened for a train and continued to watch for it as she walked towards the track; that at the edge of the first rail her foot struck a plank, which was out of place, causing her to drop a package, and almost fall on the rail; and that she was struck after she had crossed the tracks by the crossbeam of an engine, which was running thirty or forty miles an hour and of the approach of which no notice was given until an instant before the accident.

Argued April 13, 1908. Appeal, No. 229, Jan. T., 1907, by defendant, from judgment of C. P. Luzerne Co., June T., 1905, No. 119, on verdict for plaintiff in case of John J. Hanlon, in his own right, and Mary Hanlon, in her own right, *v.* The Lehigh Valley Railroad Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before LYNCH, P. J.

The facts relating to the accident are set forth in the opinion of the Supreme Court.

Verdict and judgment for Mary Hanlon for $2,000 and for J. Hanlon for $700. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. B. Woodward,* of *Wheaton, Darling & Woodward,* for appellant, cited : McHugh v. McHugh, 186 Pa. 197 ; Brown v. Schock, 77 Pa. 471 ; Keiser v. R. R. Co., 212 Pa. 409 ; Smith v. New Castle, 178 Pa. 298 ; Baker v. R. R. Co., 182 Pa. 336 ; Dees v. R. R. Co., 154 Pa. 46 ; Carroll v. Penna. R. R. Co., 12 W. N. C. 348 ; Penna. R. R. Co. v. Mooney, 126 Pa. 244 ; Kraus v. Penna. R. R. Co., 139 Pa. 272 ; Hovenden v. Penna. R. R. Co., 180 Pa. 244.

*M. H. McAniff,* for appellee, cited : Kraus v. Penna. R. R. Co., 139 Pa. 272 ; Cromley v. Penna. R. R. Co., 208 Pa. 445 ; McNeal v. Pittsburg, etc., Ry. Co., 131 Pa. 184 ; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213 ; Doud v. Delaware, etc., R. R. Co., 203 Pa. 227 ; Davidson v. Lake Shore, etc., Ry. Co., 171 Pa. 522 ; Baker v. R. R. Co., 182 Pa. 336 ; Hovenden v. Penna.

R. R. Co., 180 Pa. 244; Bickel v. Penna. R. R. Co., 217 Pa. 456; Unger v. Phila., etc., R. R. Co., 217 Pa. 106; Cromley v. Penna. R. R. Co., 211 Pa. 429; Wolfe v. Penna. R. R. Co., 22 Pa. Superior Ct. 335; Pyne v. R. R. Co., 212 Pa. 143; Carroll v. R. R. Co., 12 W. N. C. 348; Howard v. B. & O. R. R. Co., 219 Pa. 358.

OPINION BY MR. JUSTICE FELL, May 25, 1908:

The plaintiff was injured at a grade crossing of the defendant's road under the following circumstances, as shown by her testimony and that of her witnesses. When she reached the crossing, at which there were two tracks, a train was passing east on the track farther from her and a train not then in view was approaching the crossing from the east on the nearer track. Because of a curve in the tracks, a view of the approaching train was cut off beyond the distance of 500 feet by the east bound train and by a tree and a barn that were near the tracks. She stood fifteen feet from the crossing until the east bound train had passed and its last car was 500 feet from her, and then listened for a train and looked up and down the tracks and found them clear. She continued to watch as she approached the crossing, but to what point was not shown. At the edge of the first rail her foot struck a plank, which was raised out of place or from the side of which the earth had been washed, and she dropped a package she was carrying and almost fell on the rail. She was struck after she had crossed the track by the crossbeam of the engine, which was running thirty or forty miles an hour and of the approach of which no notice was given until an instant before the accident.

This testimony required the submission of the case to the jury. It tended to establish negligence on the part of the engineer and care by the plaintiff. Before starting to cross from a point fifteen feet from the tracks, where she could see 500 feet, she looked and listened for a train and continued to watch for it as she walked towards the track. When she committed herself to the act of crossing, she was very near the track, which was then clear for 500 feet, and no train was within hearing. She had ample time to cross before a train not then in sight could reach the crossing, and would have

done so in safety if she had not been tripped by the plank. If she had looked after she had picked up her package, she would no doubt have seen the train, but she was then on the first rail and acted on the natural impulse to hurry over. Whether in this emergency she acted imprudently was not a question to be determined by the court. The fact that she was delayed by tripping and dropping her package while crossing the track takes the case out of the operation of the rule that a person who steps in front of a moving train which he saw or could have seen will be conclusively presumed to have been negligent.

The judgment is affirmed.